[EDITOR'S NOTE: This case is unpublished as indicated by the issuing court.]
MEMORANDUM OF DECISION
CT Page 3140
Defendant's motion for summary judgment as to Counts 1, 2 and 3 is denied. It is difficult to cast aside, despite the release, the likely proper justiciability of such factual matters as appear to be raised by the trustee's letter requesting the release (Exhibit 23 to Plaintiff's brief) and the alleged failure to earlier distribute funds as may be alluded to in Exhibit 25 as well as Exhibit 23. A trier of fact ought to resolve whether, in Exhibit 23, the "confusion" that "has now been resolved in [plaintiff's] favor" impacts upon the proclaimed failure of mutual assent, and whether the said release was a necessary prerequisite and merely a prerequisite in order for plaintiff to receive money. Defendant's prospect for summary judgment herein is not made brighter, either, by the apparent fact that it may have to vitiate the alleged fraud by clear and convincing evidence. It is also noted, although not made a basis for this holding, that release is a special defense to be pleaded pursuant to Practice Book § 164.
Defendant's motion for summary judgment based upon res judicata (Counts 4 through 7) is denied. Factual issues remain in apparent dispute as to which issues, if any, plaintiff might have been able to litigate in Surrogate Court had she actively responded to the various notices. While there may be venues in which this sort of dispute might be deemed to raise only a question of law, for a Connecticut court of general jurisdiction, testimony (and the concomitant need to weigh its credibility) seems more appropriate.
NADEAU, J.